

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| vs. § | Criminal Action No.: 3:15-00186-MGL-2 |
| § | |
| WAYNE GARY KIRBY, § | |
| Defendant. § | |

**MEMORANDUM OPINION AND ORDER
DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE**

**I.    INTRODUCTION**

Pending before the Court is Defendant Wayne Gary Kirby's (Kirby) pro se letter to the Court asking to reduce his sentence to home confinement. To the extent Kirby asks for a new place of confinement under the Coronavirus Aid, Relief, and Economic Security Act (CARES Act), this is outside the Court's authority. *See* CARES Act § 12003(b)(2), Pub. L. 116-136, 134 Stat. 281, 516 (2020) (stating if the Attorney General deems emergency conditions materially affect the functioning of the Bureau of Prisons, the Director of the Bureau has sole the authority to extend the length of authorized home confinement). Instead, the Court will construe the letter as a more traditional motion to reduce Kirby's sentence. Having carefully considered the motion, Kirby's supplemental filing, the response, the record, and the applicable law, it is the judgment of the Court Kirby's motion to reduce his sentence will be denied.

## II.     PROCEDURAL HISTORY

The grand jury indicated Kirby on one count of conspiracy to possess with intent to distribute heroin of 21 U.S.C.§ 846 (Count One), two counts of possession with intent to distribute heroin in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), and 18 U.S.C. § 2, as well as a forfeiture count.

Kirby pled guilty to Count One of the indictment.  This Court sentenced him to a term of imprisonment of 120 months and a term of supervised release of eight years.

Kirby is currently housed at Federal Correctional Institution, Loretto (FCI Loretto) and has a projected release date on or about October 28, 2023.  He filed this motion seeking home confinement due to the Covid-19 pandemic.

## III.    DISCUSSION AND ANALYSIS

A court may modify a term of imprisonment under only three specific circumstances.  First, a court can modify a sentence as "permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure."   18 U.S.C. § 3582(c)(1)(B); *see also* Fed. R. Crim. P. 35 (allowing a reduction in sentence upon a motion by the government based on substantial assistance from the defendant or within fourteen days of the sentence when there is a clear error in the sentence). Second, a court may modify a sentence when the imposed "term of imprisonment [is] based on a sentencing range that has been subsequently lowered by the Sentencing Commission."  18 U.S.C. § 3582(c)(2).

Finally, the Court may reduce a sentence "upon motion of the Director of the Bureau of Prisons . . . [provided the Court] finds that . . . extraordinary and compelling reasons warrant such a reduction . . . or . . . the defendant is at least 70 years of age, and has served at least 30 years in

prison." 18 U.S.C. § 3582(c)(1)(A).  A defendant can bring a motion under § 3582(c)(1)(A) on his own accord only after he "has fully exhausted all administrative rights of appeal [of] a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." *Id.*

Kirby fails to argue either of the first two scenarios are applicable.  Rather, he moves for reduction solely on the basis of the third circumstance, alleging Covid-19 qualifies as an extraordinary and compelling reason.

Kirby failed to make a request to the warden of FCI Loretto for a motion on his behalf to reduce his sentence under 18 U.S.C. § 3582(c)(1)(A).  The Court fails to identify any legal basis for ignoring the statutory requirement.  Therefore, because Kirby failed to allege he filed a petition with the Warden and exhausted the administrative remedies, he is unentitled, under the statute, to move for the sentence reduction on his own.  Accordingly, this Court is unable to entertain his motion.

### IV.    CONCLUSION

Wherefore, based on the foregoing discussion and analysis, it is the judgment of the Court Kirby's motion to reduce his sentence is **DENIED WITHOUT PREJUDICE**.  Because Kirby's compassionate release motion is being denied, his motion for appoint counsel is **DEEMED MOOT**.

**IT IS SO ORDERED.**

Signed this 8th day of July 2020 in Columbia, South Carolina.

                                                 s/ Mary Geiger Lewis
                                                 MARY GEIGER LEWIS
                                                 UNITED STATES DISTRICT JUDGE