

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| vs. § | CRIMINAL ACTION NO.: 3:15-186-MGL-2 |
| § | |
| WAYNE GARY KIRBY, § | |
| Defendant. § | |

**MEMORANDUM OPINION AND ORDER
DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE**

**I.     INTRODUCTION**

Pending before the Court is Defendant Wayne Gary Kirby's (Kirby) pro se letter asking for (1) reconsideration of the Court's prior denial of his motion modify his sentence to home confinement due to the COVID-19 pandemic, and (2) his release based on an intervening change in law that would result in a lower sentence if he was sentenced for the same crime today.  To the extent Kirby asks for a new place of confinement, this is outside the Court's authority.  *See* 18 U.S.C. § 3621(b) (stating the Bureau of Prisons (BOP) shall designate the place of a prisoner's imprisonment).

Instead, the Court will construe this letter as a second motion to reduce Kirby's sentence. Having carefully considered Kirby's initial motion for compassionate release, the government's response, the instant motion to reduce his sentence, the government's response to that motion, numerous supplements and letters from Kirby, the record, and the applicable law, it is the judgment of the Court Kirby's motion to reduce his sentence will be denied.

## II.     FACTUAL AND PROCEDURAL HISTORY

The grand jury indicted Kirby on one count of conspiracy to possess with intent to distribute heroin in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846 (Count One); two counts of possession with intent to distribute heroin in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 18 U.S.C. § 2 (Counts Two and Three), and a forfeiture count.

On June 1, 2016, Kirby pled guilty to Count One of the indictment.  Prior to this indictment, Kirby had two prior felony drug convictions: a 1987 conviction for possession with intent to distribute cocaine, for which he received a sentence of five years suspended upon five years of probation, *see* Final Presentence Investigation Report (PSR) ¶ 38; and a 1995 conviction for trafficking in heroin, for which he received a sentence of twenty-five years and served thirteen years imprisonment, *id.* ¶ 41.

Consequently, because Kirby had a prior felony drug conviction, he faced a mandatory minimum sentence of ten years, pursuant to 21 U.S.C. §§ 841(b)(1)(B) and 851.  The Court, on September 21, 2016, sentenced Kirby to the mandatory minimum term of imprisonment of 120 months and a term of supervised release of eight years.  Counts Two and Three were dismissed upon motion of the government, and a preliminary order of forfeiture was entered.

Kirby is currently housed at Federal Correctional Institution Petersburg Medium (FCI Petersburg Medium), and has a projected release date on or about October 28, 2023.  He initially filed a motion seeking home confinement due to the COVID-19 pandemic, and on July 13, 2020, the Court dismissed his motion without prejudice as a result of his failure to exhaust all administrative remedies.  Kirby then filed the instant motion for reconsideration of the Court's prior decision based on his subsequent exhaustion of all administrative remedies, as well as asked for release based on an intervening change in law that would result in a lower sentence if he was

sentenced for the same crime today. The Court, having been fully briefed on the relevant issues, will now adjudicate the motion.

III.    **STANDARD OF REVIEW**

A court may modify a term of imprisonment under only three specific circumstances. First, a court may modify a sentence as "permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." 18 U.S.C. § 3582(c)(1)(B); *see also* Fed. R. Crim. P. 35 (allowing a reduction in sentence upon a motion by the government based on substantial assistance from the defendant or within fourteen days of the sentence when there is a clear error in the sentence). Second, a court may modify a sentence when the imposed "term of imprisonment [is] based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

And third, 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the First Step Act, permits modification of a term of imprisonment upon motion of the defendant after he "has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of [thirty] days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A)(i). If "extraordinary and compelling reasons warrant such a reduction" and the reduction "is consistent with applicable policy statements issued by the Sentencing Commission[,]" the Court may reduce a defendant's term of imprisonment and may impose a term of probation or supervised release that does not exceed the unserved portion of the original term of imprisonment. *Id.* This statute also provides the Court must consider "the factors set forth in [S]ection 3553(a) to the extent that they are applicable[.]" *Id.*

The applicable Sentencing Commission policy statement referenced in Section 3582(c)(1)(A) is found at U.S.S.G. § 1B1.13 ("Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A)"). U.S.S.G. § 1B1.13 provides that the Court may reduce a term of imprisonment if the Court determines 1) "extraordinary and compelling reasons warrant the reduction,"; 2) "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g),"; and 3) "the reduction is consistent with this policy statement." U.S.S.G. §1B1.13. However, U.S.S.G. § 1B1.13 addresses motions for reductions that are filed by the Director of the BOP, and it does not contain a policy statement that specifically addresses motions for reductions that are filed by an inmate defendant.

The Fourth Circuit recently issued a published opinion providing guidance on the arguments district courts may consider in determining whether "extraordinary and compelling" reasons exist to grant compassionate release. *United States v. McCoy*, 981 F.3d 271 (4th Cir. 2020). In *McCoy*, the Fourth Circuit discerned "[t]here is of now no 'applicable' policy statement governing compassionate-release motions by defendants under the recently amended § 3582(c)(1)(A), and as a result, district courts are 'empowered . . . to consider *any* extraordinary and compelling reason for release that a defendant might raise.'" *Id.* at 284 (quoting *United States v. Zullo*, 976 F.3d 228, 230 (2d Cir. 2020)). Ultimately, the determination of whether extraordinary and compelling reasons exist in a particular case is a question reserved to the sound discretion of the district court.

## IV.    DISCUSSION AND ANALYSIS

As noted above, Kirby's motion relies on two primary arguments: a traditional motion for compassionate release due to the COVID-19 pandemic, and a request for release based on an

intervening change in law that would result in a lower sentence if he was sentenced for the same crime today.  The Court will address each argument separately.

      *A.      Whether COVID-19 is an extraordinary and compelling reason to justify releasing Kirby*

Kirby contends COVID-19 qualifies as an extraordinary and compelling reason to warrant relief.  In Kirby's initial motion for compassionate release the Court dismissed without prejudice, he asserted he suffers from a "debilitating hip injury that will require a surgery and replacement soon."  Kirby's Initial Mot. at 2.  According to Kirby's PSR, completed on or around September 6, 2016, "Kirby is in adequate physical health[,] and [h]e reported suffering from arthritis in his right hip and left shoulder."  PSR ¶ 72.

The government argues Kirby's hip injury "is not one of the conditions identified by the CDC as increasing a person's risk for developing serious illness from COVID-19."  Resp. in Opp'n at 5.  And, Kirby recently informed the Court he is vaccinated against the COVID-19 virus.  *See* Letter from Kirby to the Honorable Mary Geiger Lewis (Oct. 6, 2021) ("I have been vaccinated [against COVID-19] since my last communication [with the Court.]").

Here, notwithstanding the fact Kirby fails to identify a medical condition identified by the CDC as increasing a person's risk for developing serious illness from COVID-19, evidence of Kirby's current placement heavily weighs against a determination extraordinary and compelling reasons warrant a reduction in his sentence.  According to the BOP COVID-19 case tracker, only two inmates at FCI Petersburg Medium are currently infected with COVID-19.  *See COVID-19 Cases*, Federal Bureau of Prisons, https://www.bop.gov/coronavirus (last visited Mar. 2, 2022). The small number of COVID-19 infections among the entire inmate population at FCI Petersburg Medium, the Court concludes, is due in part to the strong vaccination efforts of the BOP in general, as well as FCI Petersburg Medium in particular.

The BOP also maintains a website detailing the number of doses of the COVID-19 vaccine it has received and administered. *See COVID-19 Vaccine Implementation*, Federal Bureau of Prisons, https://www.bop.gov/coronavirus (last visited Mar. 2, 2022) (showing the BOP has administered 300,681 doses out of 333,538 received, over a ninety percent administration rate). This website also notes the number of "Full Staff Inoculations Completed" as well as "Full Inmate Inoculations Completed" for each BOP facility. *Id.* According to this website, 463 employees of Petersburg Federal Correctional Complex, of which FCI Petersburg Medium is a part, have been fully vaccinated, as well as 2,400 inmates. *Id.* And, vaccine doses to inmates are "based on priority of need in accordance with CDC guidelines." *Id.*

Consequently, the presence of only two cases of COVID-19 infections in the FCI Petersburg Medium inmate population, the strong vaccination efforts of the BOP, and Kirby's admission he is vaccinated, all lead the Court to conclude Kirby fails to establish extraordinary and compelling reasons warrant a reduction in his sentence. Alternatively, even if the Court concluded Kirby demonstrated extraordinary and compelling reasons warranted a reduction in his sentence under Section 3582(c)(1)(A) due to COVID-19, his motion would be denied based on an analysis of the Section 3553(a) factors.

### 1.     *Whether the Section 3553(a) factors weigh in favor of release*

As noted above, the Court, in considering a motion for compassionate release, must consider the factors under 18 U.S.C. § 3553(a), as required by 18 U.S.C. § 3582(c)(1)(A). These factors include "the nature and circumstances of the offense and the history and characteristics of the defendant;" "the need for the sentence . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;" "to afford adequate deterrence to criminal conduct . . . [and] to protect the public from further crimes by the defendant;" "the kinds of sentences available;" "any pertinent policy statement[;]" "the need to avoid unwarranted

6

sentence disparities among defendants with similar records who have been found guilty of similar conduct;" and "the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a).

As recently noted by the Fourth Circuit in a published opinion, "the text of 18 U.S.C. § 3582(c)(1) does not specify what conclusion a district court must draw from the § 3553(a) factors in order to grant a motion for compassionate release" and "§ 3582(c)(1) merely requires district courts to 'consider[]' the relevant § 3553(a) factors." *United States v. Kibble*, 992 F.3d 326, 331 n.3 (4th Cir. 2021) (quoting 18 U.S.C. § 3582(c)(1)). Thus, "this language [provides] the district courts with procedural guardrails for exercising their discretion, not creating a substantive prerequisite to compassionate release." *Id.*

Here, the Court concludes the Section 3553(a) factors weigh heavily against release. The nature of Kirby's offense is serious. He pled guilty to conspiracy to possess with intent to distribute heroin. The distribution of illegal drugs, especially heroin, negatively impacts our society and destroys communities, and the families within them, throughout this country. Furthermore, Kirby's criminal history is extensive, his first offense consisting of possession of cocaine with intent to distribute when he was only twenty-two years old. *See* PSR ¶ 38.

Moreover, prior incarcerations for serious drug offenses have provided no deterrence value for Kirby, as he continued his nefarious activities as soon as being released from imprisonment. *See id.* ¶¶ 41–42. Kirby, in his reply to the government's response, avers "he will not be returning to the same community where he committed his crimes, and that in and of itself shows that he has changed his ways." Reply at 3. The Court concludes these words ring hollow. As demonstrated by Kirby's PSR, he has shown a complete inability to refrain from illegal activities once released from imprisonment, and Kirby neglects to present any persuasive evidence to the Court demonstrating a change in his behavior.

Lastly, although the Court's analysis and balancing of the Section 3553(a) factors fails to lead the Court to conclude a reduction in Kirby's sentence appropriate, the Court commends him for his participation in rehabilitation programs such as Residential Drug Abuse Program (RDAP) and other job skills courses, *see* Reply at 3.  Hopefully these programs prove beneficial to Kirby when he re-enters society.

Consequently, based on the Court's analysis and balancing of the Section 3553(a) factors, a reduction in sentence to release Kirby is inappropriate.

> **B.     *Whether the First Step Act's amendment of Section 841(b)(1)(B), as applied to the facts of this case, constitutes extraordinary and compelling reasons warranting a sentence reduction***

Kirby avers, if sentenced today, he would not face a mandatory minimum of ten years as a result of his prior drug felonies, but rather would face a guidelines range of 87 to 108 months due to changes promulgated by the First Step Act.  He contends this fact constitutes an extraordinary and compelling reason to justify a reduction in his sentence.  The government concedes Kirby, if sentenced today, "would not be subject to a mandatory minimum sentence of ten years and, therefore, would face a guideline range of 87 to 108 months."  Resp. in Opp'n at 7.  But, the government also maintains this fact "alone does not constitute an 'extraordinary and compelling reason' to reduce Kirby's sentence."  *Id.*

As noted by the government in its response, "[p]rior to the enactment of the First Step Act, a defendant's sentence could be enhanced if he had a prior drug felony, without any restrictions as to the amount of time served or the age of the conviction."  Resp. in Opp'n at 7 (internal quotation omitted).  But, the First Step Act, among other things, amended 21 U.S.C. § 841(b)(1)(B) such that, for a criminal defendant to face a mandatory minimum sentence of ten years, he must have a prior conviction for "a serious drug felony or a serious violent felony[.]"  28 U.S.C. § 841(b)(1)(B).

8

A serious drug felony is defined as an offense described in 18 U.S.C. § 924(e)(2), for which "the offender served a term of imprisonment of more than [twelve] months; and the offender's release from any term of imprisonment was within [fifteen] years of the commencement of the instant offense." 21 U.S.C. §§ 802(57)(A), (B). However, "[u]nlike some other provisions [of the First Step Act], Congress did not make this provision of the First Step Act retroactive." *Id.*

Furthermore, as noted above, the Fourth Circuit, in *McCoy*, concluded "district courts are 'empowered . . . to consider *any* extraordinary and compelling reason for release that a defendant might raise.'" *McCoy*, 981 F.3d at 284 (quoting *Zullo*, 976 F.3d at 230). Specifically, the *McCoy* court discerned district courts are permitted to consider the unusual length of a sentence, as well as the gross disparity "between those sentences and the sentences Congress now believes to be an appropriate penalty for the defendants' conduct." *Id.* at 285.

Here, notwithstanding the fact the relevant First Step Act provision cited by Kirby is not retroactive, as aptly noted by the government with regard to *McCoy*, "Kirby's ten-year sentence is not of unusual length, and there is no gross disparity between the sentence [he] received (120 months) and the advisory guideline range he would face if sentenced today (87 to 108 months)." Resp. in Opp'n at 7–8 (internal quotations omitted). The Court agrees with the government's sound reasoning and concludes, after applying the reasoning of *McCoy* to the facts of this case, Kirby's circumstances fail to rise to the level of extraordinary and compelling so as to warrant a sentence reduction.

Alternatively, even if the Court concluded Kirby demonstrated extraordinary and compelling reasons warranting a sentence reduction, it would still deny his motion based on an analysis and application of the Section 3553(a) factors as discussed in great detail above. *See* Section IV(A)(1) *supra*. Consequently, Kirby's motion must be denied.

## IV.     CONCLUSION

Wherefore, based on the foregoing discussion and analysis, it is the judgment of the Court Kirby's motion to reduce his sentence is **DENIED**, and his motion for appointment of counsel is **DEEMED AS MOOT**.

**IT IS SO ORDERED.**

Signed this 2nd day of March 2022, in Columbia, South Carolina.

s/ Mary Geiger Lewis  
MARY GEIGER LEWIS  
UNITED STATES DISTRICT JUDGE
